```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────x

TYRONE HOLMES,                                    No. 19-cv

            Plaintiff

      v.                                          COMPLAINT
                                                  19 CV 01628
CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
DETECTIVE RODRIGO CABALLERO,                      JUDGE FAILLA
in his individual and official capacity AS NYPD detective;
SERGEANT MARLON MING,
in his individual and official capacity as NYPD Chief of Detectives
CITY OF KENNER (LOUISIANA)
KENNER POLICE DEPARTMENT
OFFICER CHARLES DONOVAN,
in his individual and official capacity as Kenner Police Officer;
APPLE, INC.,
AMAZON.COM, INC.,
CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD.
Also known as "CheckPoint Pumps and Systems,"
RUSTY MAHONY
in his individual and official capacity as IT Manager for CheckPoint
FEDEX CORPORATION
KENNETH MEYER,
In his individual and official capacity as a FedEx employee;

            Defendants                            JURY TRIAL DEMANDED
─────────────────────────────────────x
```

## INTRODUCTION

This complaint is filed with respect to violations of Constitutional rights under color of state law of Plaintiff Tyrone Holmes ("Holmes"), who is proceeding pro-se in this matter. This case is brought pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986. The complaint also brings claims of false advertising pursuant to the Lanham Act (15 U.S.C. § 1125), defamation of character, intentional infliction of emotional distress, and failure to train police officers. Holmes is a resident of the Bronx, New York, and has been so for the entirety of the events outlined in this complaint.

## JURISDICTION AND PARTIES

The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 (diversity of citizenship), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1331 (federal question). The pendent jurisdiction of this Court is also invoked.

The City of New York ("New York") is a municipal entity. The New York Police Department ("NYPD") is the law enforcement agency for New York. Detective Rodrigo Caballero and Sergeant Marlon Ming are employees of the NYPD. The City of Kenner is a municipal entity. Officer Charles Donovan is an employee of the City of Kenner. Apple, Inc. is a multinational technology firm headquartered in Cupertino, California.

Amazon.com, Inc. ("Amazon") is a multinational technology and e-commerce company headquartered in Seattle, Washington. Checkpoint Fluidic Systems International, LTD., also known as CheckPoint Pumps and Systems, is a company headquartered in Mandeville, Louisiana. Its vision statement on the company website states, "We lead the world in solution-driven design and manufacture of process packages, control systems, and metering pumps." FedEx Corporation is a multinational courier and delivery service headquartered in Memphis, Tennessee.

1  Kenneth Meyer was/is an employee at FedEx Corporation at the time of the events in
2  this complaint.

## FACTUAL HISTORY

4  Plaintiff purchased what was advertised as a "brand new" Apple MacBook Pro
5  from Amazon.com on June 22, 2016. Plaintiff paid about $2,300 for the laptop and the
6  AppleCare warranty. The computer was delivered to him via next-day UPS service. The
7  Plaintiff used the computer for personal business until late that summer when he gave it
8  to his wife, as he had several other computers already in his possession.

9  On or around September 8, 2016, Detective Rodrigo Caballero ("Caballero") and
10 several other plain-cloths New York Police Department ("NYPD") officers showed up at
11 the Plaintiff's residence. The Plaintiff was not home at the time so the NYPD went
12 knocking on several neighbors' door asking about the whereabout of Holmes. The next
13 day, Caballero called the Plaintiff and told him that NYPD has reason to believe he was
14 in possession of a "stolen" laptop that "belonged to the Department of Defense." The
15 Plaintiff was threatened with "four years in prison" if he did not surrender the brand new
16 Apple laptop he purchased from Amazon on June 22.

17 NYPD based its threats and intimidation on a police report filed by Kenneth A.
18 Meyer ("Meyer"), an employee of FedEx Corporation who resided in Kenner, Louisiana.
19 Meyer contacted Kenner police officer Charles Donovan and reported a stolen Apple
20 Macbook. The police report says Rusty Mahony ("Mahony"), the IT manager for
21 CheckPoint Fluidic Systems International, LTD ("CheckPoint") had used pre-installed
22 spyware on the computer to track it to the Plaintiff in New York and wife in Orlando (See
23 Exhibit A). The Plaintiff, like any reasonable, rational consumer, believed he purchased
24 a brand new, never-used, untainted Apple MacBook from Amazon.com that arrived
25 shrink-wrapped and in new condition. However, this Kenner police report by Mahony

and CheckPoint revealed that Apple had pre-installed some sort of spyware on the Plaintiff's computer and sold it as "brand new" via Amazon.com. Mahony and CheckPoint essentially hacked into the Plaintiff's computer and stole photos, credit card numbers, passport photos, tax forms, location data, and virtually everything else from the computer remotely. Apple and Amazon.com advertised the Apple MacBook purchased by the Plaintiff as brand new, when in reality Apple pre-installed spyware on the unit. The discovery process will determine how this spyware got pre-installed on the computer and why it was pre-installed. It must also be noted that the Plaintiff's alleged "brand new" computer was delivered to him in June by UPS, not FedEx.

The Plaintiff has good reason to believe that Apple, CheckPoint (which is apparently some sort of U.S. Department of Defense contractor), and FedEx have some sort of conspiracy that involves pre-installing spyware on laptops and selling them as brand new. If this were not the case, the Plaintiff would not have suffered and would not still be suffering all the damage that has been done to his life as a result.

NYPD called, threatened, and intimidated the Plaintiff everyday through September and early October 2016, telling him he would go to jail for many years if he did not surrender his alleged "brand new", innocently-purchased Apple computer. Due to the continual threats and toll it was taking on the Plaintiff and his everyday life, he was forced to hire an attorney and a private investigator to locate his wife and retrieved his innocently-purchased, "brand new" computer. Plaintiff did all this despite there being no warrant or any other legal grounds for him to surrender his computer except for NYPD and Caballero saying so.

Caballero sent an email on September 21, 2016, to Attorney Jeff Garfin, who was representing the Plaintiff at the time, that said, "Good afternoon Mr. Garfin, I'm going to proceed with an arrest for CPSP 4th. Please have your client surrender to the 047 pct

tomorrow at 1PM. Thank you, Det. Caballero." The Plaintiff's also received a letter from CheckPoint's VP of operation on September 12, 2016 saying that the company has been tracking Mr. Holmes and his wife through pre-installed software on the alleged "brand new" Apple computer the Plaintiff purchased from Amazon (See Exhibit B). Checkpoint also made clear for the client to go through their "mutual contact at NYPD" and that the Plaintiff should have "[no] knowledge of our organization" and that Checkpoint wished to remain "anonymous." NYPD acted as a security force under color of state law for a private company.

Plaintiff was then forced to hire a private investigator to track down the computer he gave his wife. Though the Plaintiff was facing no warrant and no formal criminal charges, NYPD and Checkpoint continued threatening the Plaintiff with incarceration if he did not return his "brand new" computer that Apple, in conjunction with Checkpoint, apparently had installed spyware on prior to packaging the computer as brand new.

The Plaintiff has been trying to piece his life back together and discover what exactly happened. Plaintiff was diagnosed with post traumatic stress disorder as a result of the episode, has lost nearly all of his business contacts, and is viewed as some sort of criminal by his friends and neighbors despite living his entire life in the Church of God In Christ and being an organist at several churches. The Plaintiff contacted all the actors in this conspiracy to try and resolve the issues without going to court. He received a letter from Amazon counsel on January 17, 2017, informing him they would look into the matter. Plaintiff never heard from them again. FedEx essentially stated, in a letter dated February 13, 2018 that the company has nothing to do with the conspiracy and the matter is "considered closed." Plaintiff also wrote the CEOs of Apple and Amazon to try and get answers, to no avail.

Plaintiff filed a lawsuit in this Court in June of 2017 (17-cv-4557) as it appeared to be the only way to get answers as to why his life had been completely dismantled by these companies. Though all of said companies (Amazon, Apple, Checkpoint) failed to file any sort of legal answers to the complaint within the time period pursuant to the Federal Rules of Civil Procedure, a default judgment was not granted. The case was dismissed and is currently pending in the Second Circuit Court of Appeals.

**CAUSES OF ACTION**

COUNT 1: VIOLATIONS OF CIVIL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983, 1985[3], and 1986) AGAINST DEFENDANTS NEW YORK, NYPD, CABALLERO, MING, KENNER, KENNER POLICE DEPARTMENT, DONOVAN, APPLE, FEDEX, AMAZON, MEYER, AND MAHONY.

The Fifth Amendment, made applicable to the States by the Fourteenth Amendment, guarantees U.S. citizens will not be deprived of life, liberty, or property, without due process of the law; nor shall private property be taken for public use, without just compensation." Further, the Fourth Amendment, made applicable to the States by the Fourteenth Amendment, protects Americans from unreasonable searches and seizures, arbitrary arrests and harassment by police.

The exact nature of the conspiracy between all private Defendants and the municipal defendants will only be revealed through the discovery process. Kenner, Kenner Police Department, and Officer Charles Donovan started this entire process by taking a false police report from Meyer, Mahony, FedEx, and Checkpoint claiming that the Plaintiff "stole" a computer that belonged to them. Kenner Police notified NYPD and further exacerbated a situation that should have ended when the Plaintiff showed he purchased this Apple computer "brand new" from Amazon and had nothing to do with the Defendants' conspiracy. It appears Apple preinstalled spyware on a computer it

advertised as brand new and sold on Amazon. Apple either has a contract with Checkpoint to preinstall said spyware for Checkpoint's internal use and somehow Amazon, Apple, and Checkpoint misplaced their pre-infected computer during the conspiracy, and it ended up with the Plaintiff advertised as brand new; or Apple preinstalls all of its laptops it advertises as "brand new" with said spyware. Checkpoint essentially had remote access to everything on the computer and used it against the Plaintiff, while utilizing NYPD and Kenner Police as its private security force to intimidate and harass the Plaintiff. FedEx did not even deliver the brand new computer to the Plaintiff; UPS did. Thus FedEx appears to be part of the conspiracy and accused the Plaintiff, in the Kenner Police report, of stealing this laptop from one of their facilities. This accusation is fallacious on its face, yet Kenner Police and NYPD continued acting as the private henchmen for Checkpoint and FedEx under color of state law.

Kenner, Kenner Police Department, New York, NYPD, and the individual officers had no probable cause to continually harass the Plaintiff and repeatedly threaten him with prison until the Plaintiff was forced to hire lawyers and private investigators to locate a computer he thought was innocently purchased from Amazon. Defendant Ming, as the supervisory officer, should have and could have intervened and stopped the malicious acts by NYPD, but refused to do so. There was no investigation into these allegations of a stolen computer at all; Defendant police simply took the word of FedEx and Checkpoint. The discovery process will determine the exact nature of this conspiracy under color of state law. As a result of these acts, the Plaintiff was diagnosed with post traumatic stress disorder and has expended all of his savings to try and rebuild the life that was taken from him due to said malicious acts.

These acts by the Defendants, and each of them, as herein alleged, were willful, wanton, malicious, and oppressive and justify the Plaintiff being awarded compensatory

damages and punitive damages against all Defendants in both individual and official capacities where applicable. The Plaintiff also seeks a declaratory judgment stating that, upon proven via discovery, that the Defendants are actively involved in a conspiracy to pre-install spyware on brand new computers that are then purchased by unwitting consumers, specifically the Plaintiff. The declaratory relief will be further articulated after the discovery process.

COUNT 2: VIOLATIONS OF THE LANHAM ACT/FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(A)(B)) BY APPLE AND AMAZON

Plaintiff hereby re-alleges and incorporates each and every foregoing allegation, as though set forth at length herein.

Apple and Amazon have some sort of agreement which stipulates that Amazon may sell its products as "brand new." The Apple laptop purchased by the Plaintiff from Amazon was advertised as brand new and showed up at the Plaintiff's residence via UPS the next day in shrink wrap and with the AppleCare warranty. However it is abundantly clear that the laptop was not brand new. It contained spyware that allowed a third-party company (Checkpoint) to gain access to any/all data related to the Plaintiff and his wife. Neither Apple nor Amazon disclosed the fact that this laptop was obviously used and came with spyware that the Plaintiff did not agree to purchasing. Brand new means clear from defects and unused by any other party. Installing spyware is a deliberate act as it relates to a computer sold as "brand new." Had the Plaintiff purchased a used, "as is" computer with this spyware, he would have no cause of action. However, the Plaintiff specifically purchased a brand new computer expecting exactly that.

As a result of the false advertising by Apple and Amazon, the Plaintiff was harassed, intimidated, and threatened by two police departments, was forced to expend

thousands of dollars on attorneys, paralegals and private investigators; has lost his good standing in the church and within his community; and has been diagnosed with post-traumatic stress disorder. Pursuant to the Lanham Act, Apple and Amazon shall be liable in this civil action as the Plaintiff was directly injured by the false advertising of the two companies.

COUNT 3 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

Plaintiff hereby re-alleges and incorporates each and every foregoing allegation, as though set forth at length herein. The Court pendent jurisdiction is invoked.

The Defendants' conspiracy forced the Plaintiff, who is a lifelong member of the Church of God In Christ, an organist at several churches, a musician, and music producer, to mortgage his entire life to try and clear his name. NYPD and Kenner PD have a job to enforce the law, not act as personal security for private corporations such as FedEx and Checkpoint. Apple and Amazon simply should have labeled the obviously-used, obviously altered laptop as "used" so the Plaintiff would not have purchased it. Plaintiff no longer trusts law enforcement, was forced to have mental health checkups, and can no longer earn a living due to the damage inflicted by this entire ordeal.

These acts by the Defendants, and each of them, as herein alleged, were willful, wanton, malicious, and oppressive; and justify the Plaintiff being awarded compensatory damages and punitive damages against the Defendants in both their individual and official capacities where applicable.

COUNT 4 - DEFAMATION OF CHARACTER AGAINST NYPD, NEW YORK, FEDEX, AND CHECKPOINT

Plaintiff hereby re-alleges and incorporates each and every foregoing allegation, as though set forth at length herein. The Court pendent jurisdiction is invoked.

Under the *per se* standard, the Plaintiff can bring civil actions against defendants for making false, injurious claims regarding criminality or professionalism. NYPD, New York, Kenner Police, and Kenner took the word of FedEx, Checkpoint, and its employee defendants; and filed a malicious, false, public police report saying the Plaintiff "stole" a laptop. (Exhibit Police Report) The case should have began and ended when the Plaintiff showed police that he purchased the laptop in question brand new. However, the police, under color of state law, continued acting as the corporate security force for FedEx and Checkpoint. Defendants have an opportunity to mitigate punitive damages by retracting defamatory material, but does not free them from liability with regard to compensatory damages. NYPD, New York, Kenner, Kenner PD, FedEx, and Checkpoint have made absolutely no effort to clear the Plaintiff's name. Further, NYPD went door-to-door in the Plaintiff's neighborhood asking of his whereabouts. This resulted in long-time neighbors now viewing the Plaintiff with constant suspicion and questioning the integrity he has built over a lifetime.

These acts by the Defendants, and each of them, as herein alleged, were willful, wanton, malicious, and oppressive and justify the Plaintiff being awarded actual, compensatory, and punitive damages against the Defendants in both their individual and official capacities where applicable.

COUNT 5 - FAILURE TO TRAIN AGAINST NYPD, NEW YORK, CABALLERO, AND MING

Plaintiff hereby re-alleges and incorporates each and every foregoing allegation, as though set forth at length herein. The Court pendent jurisdiction is invoked.

The U.S. Supreme recognizes failure to train claims "to afford a federal right in federal courts because…claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by state agencies." *Monroe v. Pape*, 365 U.S. 180, S. Ct. 473, (1961). New York and NYPD have a long-established policy and custom of denying citizen's rights protected by the Constitution. This Court ruled on the case of *Floyd, et al. v. City of New York, et al.*, 959 F. Supp. 2d 540 (2013) and determined New York's "stop and frisk" policy violated the Fourth and Fourteenth Amendments. NYPD and New York wantonly violated all due process and civil rights of the Plaintiff by repeatedly threatening him with prison and forcing him to spend his own money on lawyers and private investigators as NYPD acted as the private security force for FedEx and Checkpoint. Police officers are not necessarily here to protect and serve the people (See *DeShaney v. Winnebago Cty. DSS*, 489 U.S. 189 (1989)) but they are certainly not here to act as private security and intimidators for corporations. NYPD allowed all of this behavior to happen, with the direct supervisor of this operation, Ming, doing nothing to stop it.

These acts and omissions by the Defendants, and each of them, as herein alleged, were willful, wanton, malicious, and oppressive and justify the Plaintiff being awarded actual, compensatory, and punitive damages against the Defendants in both their individual and official capacities where applicable.

## **PRAYER FOR RELIEF**

Plaintiff hereby re-alleges and incorporates each and every foregoing allegation, as though set forth at length herein. The Plaintiff respectfully requests this Court grant relief in the form of actual, compensatory, and punitive damages against all named Defendants in their individual and official capacities; and against any Defendant yet to be named. The Plaintiff also respectfully requests declaratory relief, and asks this Court

to rule that Apple is in fact pre-installing spyware on computers it advertises as brand new and sells them through Amazon. The declaration should also make clear that Apple is falsely advertising new computers that are obviously tainted with spyware, malware, and other tools that enable third parties to spy on unwitting consumers.

Respectfully submitted this __21st__ day of February, 2019.

_____
Tyrone Holmes (pro se Plaintiff)