UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

TYRONE HOLMES,                                    **No. 19-cv-1628**

       Plaintiff

       v.                                       **AMENDED COMPLAINT**

CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
DETECTIVE RODRIGO CABALLERO,
in his individual and official capacity AS NYPD detective;
SERGEANT MARLON MING,
in his individual and official capacity as NYPD Chief of Detectives
CITY OF KENNER (LOUISIANA)
KENNER POLICE DEPARTMENT
OFFICER CHARLES DONOVAN,
in his individual and official capacity as Kenner Police Officer;
APPLE, INC.,
AMAZON.COM, INC.,
CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD.
Also known as "CheckPoint Pumps and Systems,"
RUSTY MAHONY
in his individual and official capacity as IT Manager for CheckPoint
FEDEX CORPORATION
KENNETH MEYER,
In his individual and official capacity as a FedEx employee;

       Defendants                          JURY TRIAL DEMANDED

————————————————————————x

RECEIVED
SDNY DOCKET UNIT
2019 JUN 12  PM 4: 14

1
## INTRODUCTION

2   This Amended Complaint is filed pursuant to Rule 15 (a) (1) (B) of the Federal

3   Rules of Civil Procedure with respect to violations of Constitutional rights under color of

4   state law of Plaintiff Tyrone Holmes ("Holmes"), who is proceeding pro-se in this matter.

5   This Amended Complaint is brought pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986.

6   The complaint also brings claims of breach of contract, invasion of privacy, the filing of a

7   false report, intentional infliction of emotional distress, wrongful conversion, deprivation

8   of property without due process of law, fraud in the misuse of a computer, used by or for

9   an entity of the United States Government in furtherance of the administration of justice,

10  national defense, or national security pursuant to Section 1030 of the Fraud and related

11  activity in connection with computers, false advertising pursuant to the Lanham Act (15

12  U.S.C. § 1125), defamation of character, and failure to train police officers. Holmes is a

13  resident of the Bronx, New York, and has been so for the entirety of the events outlined

14  in this complaint.

15
## JURISDICTION AND PARTIES

16  The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §

17  1332 (diversity of citizenship), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1331

18  (federal question). The pendent jurisdiction of this Court is also invoked.

19  The City of New York ("New York") is a municipal entity within the State of New

20  York. The New York Police Department ("NYPD") is the law enforcement agency for

21  New York. Detective Rodrigo Caballero and Sergeant Marlon Ming are employees of the

22  NYPD. The City of Kenner is a municipal entity. Officer Charles Donovan is an

23  employee of the City of Kenner.

24  Apple, Inc. is a multinational technology firm headquartered in Cupertino,

25  California, doing business in the City and State of New York. Amazon.com, Inc.

1 ("Amazon") is a multinational technology and e-commerce company headquartered in

2 Seattle, Washington, doing business in the City and State of New York. Checkpoint

3 Fluidic Systems International, LTD., also known as CheckPoint Pumps and Systems, is

4 a company headquartered in Mandeville, Louisiana, doing business in the City and

5 State of New York. FedEx Corporation is a multinational courier and delivery service

6 headquartered in Memphis, Tennessee, doing business in the City and State of New

7 York. Kenneth Meyer was an employee of FedEx Corporation at the time of the events

8 in this complaint.

9 **FACTUAL HISTORY**

10       Apple is the sole manufacturer of MacBook Pro laptop computers. Although

11 Apple sells some of its computers directly to consumers, it authorizes others to be sold

12 by certain third-party distributors. Defendant/ Amazon is one such distributor. Apple

13 manufactured the MacBook Pro laptop at issue in this case, which bears serial number

14 C02RQ1T3G8WN. (A22; A54). Apple's records indicate that on May 5, 2016, it sold an

15 AppleCare Protection Plan to Amazon. (A369) Apple, in turn, sold and shipped that

16 laptop to Amazon. (A20). Apple's records confirm that the shipment to Amazon took

17 place on May 19, 2016. (378; A383)

18       CheckPoint purchased the laptop computer bearing serial number,

19 **CO2RQIT3G8WN** from Amazon on June 2, 2016. (A-125; A-1300) This computer was

20 packaged for delivery from Amazon's fulfillment center in Breinigsville, Pennsylvania

21 and delivered to CheckPoint on or around June 7, 2016. Upon receiving the laptop on

22 June 7, 2016, a CheckPoint employee installed Kaseya spyware into the computer.

23 (A31; SPA2). On June 7, 2016, CheckPoint boxed, and shrink wrapped the boxed

24 computer to make the computer appear to be in its original packing and then tendered

25 the computer, bearing serial number, **CO2RQIT3G8WN,** to FedEx for shipping on June

1   7, 2016 who then delivered the packaged computer to an Amazon Fulfillment Center in

2   Pennsylvania on or about June 7, 2016.

3        Apple also sells standalone AppleCare Protection Plans, under which Apple

4   agrees to furnish certain services to owners of Apple products who register their

5   products for such a plan. (A392). Amazon is an authorized distributor of such plans.

6   Apple's show that Stephanie Scott on June 23, 2016, registered a computer bearing the

7   serial number (C02RQ1T3G8WN) for that AppleCare Protection Plan. A379–80.

8        In a prior action that is pending appeal, Checkpoint mislead this court of instance

9   claim that there were two computers upon which the this court relied in finding that "The

10   District Court properly found that, on the contrary, the evidence in the record

11   demonstrated that the laptop computer that Amazon delivered to Holmes on June 23,

12   2016 (the "Holmes Laptop") was shrink-wrapped and in new condition, and that the

13   laptop subsequently recovered from his wife (the "Checkpoint Laptop") was an

14   entirely different device " , knowing that the contrary was true and that this finding by

15   the misled court was not consistent with the facts as CheckPoint knew them to be, since

16   CheckPoint was able through the spy ware, which it had installed on the computer, to

17   compare the serial numbers on the computer delivered to Plaintiff with the serial number

18   on the computer seized from his wife and verify that they were, in fact, the same

19   computer, thereby confirming to CheckPoint, the fact that the computer was never

20   stolen. **It also verifies the fact that checkpoint deliberately misled this court and**

21   **the appellate court about two material facts**: firstly, fraudulently claiming that the

22   computer was stolen in Louisiana, knowing that it had not been stolen in Louisiana or

23   any other place, and secondly, claiming that the computer seized from his wife was a

24   different computer from that sold and delivered to Plaintiff.

25

1    Plaintiff purchased what was advertised as an Apple MacBook Pro in the original
2    packaging from Amazon.com on June 22, 2016. Plaintiff paid $2,351.12 for the Apple
3    Macbook Pro MJLQ2LL/A 15-inch Laptop (2.2 GHz Intel Core i7 Processor, 16GB RAM,
4    256 GB Hard Drive, Mac OS X) computer, plus Apple Care for the AppleCare warranty.
5    A computer of above description, bearing serial number, **CO2RQIT3G8WN,** had been
6    packaged for delivery to Plaintiff from Amazon's fulfillment center in Lewisberry,
7    Pennsylvania, and was delivered via UPS to Plaintiff at 9:35 AM on June 23, 2016., and
8    on that same day, June 23, 2016, Apple's records show that Stephanie Scott registered
9    and began using the laptop on June 23, 2016. A370. Those records also show that Ms.
10   Scott registered the computer for an AppleCare Protection Plan under her own name.
11   A370; A379; SPA3. That AppleCare Protection Plan remains registered to Ms. Scott.
12   A370; A380. The Plaintiff's wife registered the **CO2RQIT3G8WN** serial number of this
13   computer with Apple to activate the AppleCare Protection Plan.

14        On August 2, 2016, Officer Charles Donovan of the Kenner Police
15   Department, in Louisiana went to a FedEx location in Kenner, Louisiana and took a
16   stolen computer report from Kenneth A. Meyer, an employee, of FedEx, based on
17   information provided to him by Rusty Mahony a Checkpoint employee. On August 2,
18   2016, the defendant, Checkpoint, fraudulently, falsely, and with malicious intent to
19   deceive the NYPD and others, caused the filing of a false report through its employee,
20   Mahony, acting with FedEx employee, Meyer, claiming that the aforementioned
21   computer had been stolen from Checkpoint, knowing the computer had not been stolen,
22   because CheckPoint had been continuously monitoring the computer through the use of
23   its spyware which it had installed on the computer, since the day the computer was
24   activated on June 23, 2016. On August 2, 2016, the defendant, Checkpoint, caused the
25   filing of a false report through its employee, Mahony and FedEX employee, Meyer,

1   naming the Plaintiff, Tyrone Holmes, and his wife, Stephanie J. Scott, as suspects and

2   perpetrators of the theft, and that the plaintiff and his wife were in possession of a stolen

3   computer, bearing serial number, **CO2RQIT3G8WN. FedEx conspired with**

4   **CheckPoint and fraudulently filed the report knowing that they had delivered the**

5   **computer that they picked up from checkpoint on June 7, 2016 to Amazon at an**

6   **Amazon Fulfillment Center in Pennsylvania.**

7   On or around September 8, 2016, Detective Rodrigo Caballero ("Caballero") and

8   several other plainclothes New York Police Department ("NYPD") officers showed up at

9   the Plaintiff's residence. The Plaintiff was not home at the time so the NYPD went

10  knocking on several neighbors' door asking about the whereabouts of Holmes. The next

11  day, Caballero called the Plaintiff and told him that NYPD had reason to believe he was

12  in possession of a "stolen" laptop that "belonged to the Department of Defense." The

13  Plaintiff was threatened with "four years in prison" if he did not surrender Apple laptop

14  he purchased from Amazon on June 22.

15  NYPD based its threats and intimidation on the police report filed August 8, 2016,

16  at the request of Rusty Mahony, an employee of CheckPoint, by Kenneth A. Meyer

17  ("Meyer"), an employee of FedEx Corporation, who resided in Kenner, Louisiana. Meyer

18  contacted Kenner police officer Charles Donovan and reported a stolen Apple Macbook.

19  The police report says Rusty Mahony ("Mahony"), the IT manager for CheckPoint Fluidic

20  Systems International, LTD ("CheckPoint") had used pre-installed spyware on the

21  computer to track it to the Plaintiff in New York and his wife in Orlando (See Exhibit A).

22  The Plaintiff, like any reasonable, rational consumer, believed he purchased a brand

23  new, never-used, untainted Apple MacBook from Amazon.com that arrived shrink-

24  wrapped and in new condition. However, this Kenner police report by Mahony and

25  CheckPoint revealed that CheckPoint had pre-installed some sort of spyware on the

1   Plaintiff's computer and sold it as "brand new" via Amazon.com. Mahony and

2   CheckPoint used the spyware previously installed in Plaintiff's computer and to steal

3   photos, credit card numbers, passport photos, tax forms, location data, and virtually

4   everything else from the computer remotely. Apple and Amazon.com advertised the

5   Apple MacBook purchased by the Plaintiff as brand new, when in reality CheckPoint

6   had pre-installed spyware on the unit.

7       The Plaintiff has good reason to believe that Apple, CheckPoint, which is, upon

8   information and belief, an U.S. Department of Defense contractor, and Apple and

9   Amazon, also upon information and belief, are U.S. Department of Defense contractors,

10   have a relationship that involves pre-installing spyware on government computers and

11   selling them as brand new. Plaintiff has suffered damages and is still be suffering

12   damages as a result of this misuse of a government computer.

13       NYPD called, threatened, and intimidated the Plaintiff everyday through

14   September and early October 2016, telling him he would go to jail for many years if he

15   did not surrender his alleged "brand new", innocently-purchased Apple computer. Due to

16   the continual threats and the toll it was taking on the Plaintiff and his everyday life, he

17   was forced to hire an attorney and a private investigator to locate and retrieve his

18   innocently purchased, "brand new" computer. Plaintiff suffered all these threats of arrest,

19   invasion of privacy, and other violations despite their being no search warrant or any

20   other legal grounds for arrest or for him to surrender his computer at the demand of the

21   NYPD and Caballero.

22       Caballero sent an email on September 21, 2016, to Attorney Jeff Garfin, who was

23   representing the Plaintiff at the time, that said, "Good afternoon Mr. Garfin, I'm going to

24   proceed with an arrest for CPSP 4th. Please have your client surrender to the 047 pct

25   tomorrow at 1PM. Thank you, Det. Caballero." The Plaintiff's also received a letter from

1   CheckPoint's VP of operation on September 12, 2016 saying that the company has

2   been tracking Mr. Holmes and his wife through pre-installed software on the alleged

3   "brand new" Apple computer the Plaintiff purchased from Amazon (See Exhibit B).

4   Checkpoint also made clear for the client to go through their "mutual contact at NYPD"

5   and that the Plaintiff should have "[no] knowledge of our organization" and that

6   Checkpoint wished to remain "anonymous." **NYPD acted as a security force under**

7   **color of state law for a private company.**

8       Plaintiff was then forced to hire a private investigator to track down the computer

9   he gave his wife. Though the Plaintiff was facing no warrant and no formal criminal

10  charges, NYPD and Checkpoint continued threatening the Plaintiff with incarceration if

11  he did not return his "brand new" computer that Apple, in conjunction with Checkpoint,

12  apparently had installed spyware on prior to packaging the computer as brand new.

13      The Plaintiff has been trying to piece his life back together and discover what

14  exactly happened. Plaintiff was diagnosed with post traumatic stress disorder as a result

15  of the episode, has lost nearly all of his business contacts, and is viewed as some sort

16  of criminal by his friends and neighbors **despite living his entire life in the Church of**

17  **God In Christ and being an organist at several churches**. The Plaintiff contacted all

18  the actors in this conspiracy to try and resolve the issues without going to court. He

19  received a letter from Amazon counsel on January 17, 2017, informing him they would

20  look into the matter. Plaintiff never heard from them again. FedEx essentially stated, in a

21  letter dated February 13, 2018 that the company has nothing to do with the conspiracy

22  and the matter is "considered closed." Plaintiff also wrote the CEOs of Apple and

23  Amazon to try and get answers, to no avail.

24      Plaintiff filed a lawsuit in this Court in June of 2017 (17-cv-4557) as it appeared to

25  be the only way to get answers as to why his life had been completely dismantled by

1  these companies. **Though all of said companies (Amazon, Apple, Checkpoint)**

2  **failed to file any sort of legal answers to the complaint within the time period**

3  **pursuant to the Federal Rules of Civil Procedure, a default judgment was not**

4  **granted.** The case was dismissed and is currently pending in the Second Circuit Court

5  of Appeals.

6  <u>**CAUSES OF ACTION**</u>

7  As a First Cause of Action

8

9  BREACH OF CONTRACT BY DEFENDANT, AMAZON

10  Plaintiff, alleges that

11  1.  On June 22, 2016, Defendant, AMAZON.COM, LLC, contracted to sell

12  and Tyrone Holmes, Plaintiff herein, agreed to purchase an Apple

13  Macbook Pro MJLQ2LL/A 15-inch Laptop (2.2 GHz Intel Core i7

14  Processor, 16GB RAM, 256 GB Hard Drive, Mac OS X) computer,

15  bearing serial number, **CO2RQIT3G8WN,** plus Apple Care, from and

16  manufactured by the defendant, APPLE INC., with receipt of even date

17  describing the purchase by Plaintiff for $2,351.12. The defendant,

18  Amazon, breached the contract the next day by causing to be delivered

19  to Plaintiff, instead of a computer in the original Apple packaging, a

20  computer which had been previously sold on June 7, 2016 to

21  Checkpoint, a defendant herein, bearing the same, **CO2RQIT3G8WN,**

22  serial number as the computer sold to plaintiff in which the said

23  defendant, Checkpoint, had installed and equipped said computer with

24  spy ware on that date, and repackaged and shrink-wrapped the same to

25

1    make it appear as originally packaged from Apple.  Said breach of

2    contract of sale caused the Plaintiff to suffer damages.

3

4  As a Second Cause of Action

5

6  BREACH OF CONTRACT BY DEFENDANT, APPLE

7  Plaintiff, alleges all the allegations of paragraph (1) and further alleges that

8

9    2.    On June 23, 2016, Defendant, APPLE, LLC, formed a contract to certify

10    that the computer purchased the computer which had been sold to

11    Tyrone Holmes, Plaintiff herein, Apple Macbook Pro MJLQ2LL/A 15-inch

12    Laptop (2.2 GHz Intel Core i7 Processor, 16GB RAM, 256 GB Hard

13    . Drive, Mac OS X) computer, bearing serial number, **CO2RQIT3G8WN,**

14    with Apple Care with receipt of previous day describing the said

15    purchase by Plaintiff for $2,351.12, was in its original shipped condition

16    from Apple by requiring that the serial number from Plaintiff's computer

17    which was manufactured by the defendant, Apple, be registered with

18    Apple. The defendant, Apple, breached the contract that day by not

19    informing the Plaintiff that it could not protect that computer with

20    AppleCare, because his computer was not in its original packaging as

21    required by the terms of the AppleCare Protection Plan. Registering the

22    serial number allowed Apple to determine that instead of a new

23    computer, his computer was the same computer which had been

24    previously sold on June 7, 2016 to Checkpoint, a defendant herein,

25    bearing the same, **CO2RQIT3G8WN,** serial number as the computer

1  sold to plaintiff in which the said defendant, Checkpoint, had installed

2  and equipped said computer with spy ware on that date, and repackaged

3  and shrink-wrapped the same to make it appear as new.  That as such

4  AppleCare was not available for that computer, since the terms of the

5  AppleCare contract agreement require that the computer be in it original

6  packaging. Failure to inform the plaintiff and his wife at the time of

7  registration was a breach of the AppleCare Protection Plan. Said breach

8  of contract of sale caused the Plaintiff to suffer damages.

9

10  As a Third Cause of Action

11                    INVASION OF PRIVACY BY AMAZON

12  Plaintiff alleges all the allegations of paragraph (1) and further alleges that

13

14     3.     On June 23, 2016, the Defendant, AMAZON.COM, LLC, intentionally

15          sold and intentionally caused to be delivered, from Amazon's fulfillment

16          center in Lewisberry, Pennsylvania. shrink-wrapped, a MacBook Pro

17          computer, bearing serial number, **CO2RQIT3G8WN,** plus Apple Care,

18          which had been directly sourced from and manufactured by the

19          defendant, APPLE INC., receipted the previous day as purchased by

20          Plaintiff, Tyrone Holmes, a private citizen, doing business as a promoter

21          of religious gatherings and record promotion, which was equipped with

22          spy ware which subsequently resulted in the privacy of Plaintiff being

23          invaded. That invasion of privacy continues to this day as the Plaintiff's

24          personal information and the personal information, including social

25          security numbers, income tax returns, passports, credit card data, and

1   other business information contained in that computer remains available

2   to the defendant, Checkpoint, and to whomever he has sold or otherwise

3   transferred the said computer, including an unknown party in Russia.

4   As a Fourth Cause of Action

5                           INVASION OF PRIVACY BY APPLE

6   Plaintiff alleges all the allegations of paragraph (1) and further alleges that

7

8       4.      On June 23, 2016, the Defendant, Apple, the Plaintiff activated

9   AppleCare by registering his computer by giving to APPLE as required

10  for coverage with AppleCare the serial number of his MacBook Pro

11  computer, bearing serial number, **CO2RQIT3G8WN, with** APPLE INC.,

12  which had been previously sold on June 7, 2016 to Checkpoint, bearing

13  the same serial number to equip and install that computer with spy ware.

14  That registration put the defendant, APPLE, on notice that Plaintiff's

15  computer had installed on it spy ware that allowed plaintiff's privacy to be

16  invaded, <u>since it had in its possession at that time the same serial</u>

17  <u>number for both transactions</u>. That invasion of privacy did occur and

18  continues to this day as the Plaintiff's personal information and the

19  personal information of his wife, including social security numbers,

20  income tax returns, passports, credit card data, and other personal and

21  business information contained in that computer remains available to

22  whomever he has possession of the said computer.

23

24  As a Fifth Cause of Action

25                          INVASION OF PRIVACY BY CHECKPOINT

1   Plaintiff alleges all the allegations of paragraph (1-3) and further alleges that

2

3        5.     On June 23, 2016, after the Plaintiff turned on his computer the

4             Defendant, CHECKPOINT FLUIDIC SYSTEM INTERNATIONAL, began

5             the surveillance of the plaintiff and his family using the spy ware that

6             Checkpoint had installed into Plaintiff's computer on June 7, 2016, and

7             the same computer that CheckPoint had then entrusted  to Fed-Ex in

8             Louisiana on June 7, 2016, for delivery, and that computer was delivered

9             to Amazon's fulfillment center in Lewisberry, Pennsylvania. This

10            surveillance has been used to continuously test the effectiveness of

11            CheckPoint's spy ware from June 23, 2016 to August 2, 2016 on which

12            date CheckPoint sought to steal the Plaintiff's computer together with all

13            the information on the Plaintiff's computer by reporting it as stolen, and

14            Plaintiff and his family in possession of stolen property and thereby

15            deprive the plaintiff of his work in the computer, and give access to

16            others, known only to the defendant, CHECKPOINT, of plaintiff's

17            personal information.

18

19  As a Sixth Cause of Action

20                   FILING A FALSE REPORT BY CHECKPOINT

21  Plaintiff alleges all the allegations of paragraph (4) and further alleges that

22

23       6.     On August 8, 2016, The Defendant, CHECKPOINT FLUIDIC SYSTEM

24            INTERNATIONAL, in an misguided effort to steal, recover, and convert

25            to their own use the aforementioned computer and the information

1   contained therein, which it located by use of the spy ware it had

2   installed, the defendant, Checkpoint, caused the filing of a false police

3   report claiming that the aforementioned computer had been stolen from

4   Checkpoint by the Plaintiff and that the plaintiff and his family were in

5   possession of a stolen computer.

6

7  As a Seventh Cause of Action

8   FILING A FALSE REPORT BY RUSTY MAHONY

9  Plaintiff alleges all the allegations of paragraph (1) and further alleges that

10

11   7.   The Defendant, CHECKPOINT FLUIDIC SYSTEM INTERNATIONAL

12   LTD., in an misguided effort to locate and recover the aforementioned

13   computer the defendant, CheckPoint caused the filing of a false report of

14   a stolen computer, based on false information provided by Checkpoint's

15   employee, a defendant herein, Rusty Mahony, who had access to

16   Plaintiff's computer through the spy ware which he had installed,

17   claiming that Plaintiff had stolen the computer.

18

19

20  As an Eighth Cause of Action

21   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22  Plaintiff alleges all the allegations of foregoing paragraphs and further alleges that

23

24   8.   The Defendant, CHECKPOINT FLUIDIC SYSTEM INTERNATIONAL, in

25   an misguided effort to locate and recover the aforementioned computer,

the defendant caused the filing of a false report claiming that Plaintiff had stolen the computer. Defendant Checkpoint, knew, or had reason to know from his access to the computer, that the computer was not stolen. As a result of the false report filed by an employee of CheckPoint on behalf of the Defendant, CHECKPOINT FLUIDIC SYSTEM INTERNATIONAL, the defendant, Police Department of the City of New York seized Plaintiffs computer, bearing serial number, **CO2RQIT3G8WN,** an on information an belief gave,  the computer together with all the information that plaintiff and his wife had entered into the computer from July 23, 2016, to September, 2016 to the defendant, CheckPoint, who thereafter gave, sold, or otherwise transferred the said computer to parties unknown to Plaintiff.

As an Ninth Cause of Action

WRONGFUL CONVERSION BY CHECKPOINT

Plaintiff alleges all the allegations of foregoing paragraphs and further alleges that

9.    The Defendant, CHECKPOINT FLUIDIC SYSTEM INTERNATIONAL, in an misguided effort to locate and recover the aforementioned computer, the defendant caused the filing of a false report claiming that Plaintiff had stolen the computer. Defendant Checkpoint, knew, or had reason to know from his access to the computer, that the computer was not stolen. As a result of the false report filed by an employee of CheckPoint on behalf of the Defendant, CHECKPOINT FLUIDIC SYSTEM

1    INTERNATIONAL, the defendant, Police Department of the City of New

2    York seized Plaintiffs computer, and, on information an belief, gave, the

3    computer together with all the information that plaintiff and his wife had

4    entered into the computer from July 23, 2016, to September, 2016, to the

5    defendant, CheckPoint, who thereafter gave, sold, or otherwise

6    transferred the said computer to parties unknown to Plaintiff.

7

8    As an Tenth Cause of Action

9                    WRONGFUL CONVERSION BY NYPD

10   Plaintiff alleges all the allegations of paragraph (9) and further alleges that

11

12        10.   The defendant, Police Department of the City of New York (NYPD),

13              through repeated threats of arrest, issued by Detective, Rodrigo

14              Caballero, of the NYPD over a period of more than a month, took

15              possession of Plaintiffs computer, and, on information an belief gave the

16              computer together with all the information that plaintiff and his wife had

17              entered into the computer from July 23, 2016, to September, 2016 to the

18              defendant, CheckPoint, who thereafter gave, sold, or otherwise

19              transferred the said computer to parties unknown to Plaintiff. **The NYPD**

20              **knew that Plaintiff had lawfully purchased the computer in question**

21              **from the defendant, Amazon, and flagrantly disregarded that fact**

22              **causing injury and financial damages to the Plaintiff.**

23

24   As an Eleventh Cause of Action

25

1    DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF

2    LAW BY NYPD IN VIOLATION OF THE FIFTH, FOURTH, AND

3    FOURTEENTH, AMENDMENTS OF THE CONSTITUTION OF

4    THE UNITED STATES

5  Plaintiff alleges all the allegations of foregoing paragraphs and further alleges that

6    11.    Plaintiff was deprived of property without due process of law when the

7            detective from the defendant, New York Police Department, ordered

8            Plaintiff to return the said computer that he had lawfully purchased on

9            the threat "give it back or four years in prison for criminal possession of

10           stolen property. We don't care how you got it, all we know is we want it

11           back. **We don't care about your receipt**, we don't care about any of

12           that, but we want it back, and if we don't get it back, you are to turn

13           yourself in tomorrow at 1:00 p.m. at the 47th Precinct".

14

15  As a Twelfth Cause of Action

16    FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

17  Plaintiff alleges all the allegations of foregoing paragraphs and further alleges that

18    12.    Defendant, FedEx acting in concert with the Defendant CheckPoint,

19           committed fraud in violation of 18 U.S. Code § 1030 in connection with

20           the computer bearing serial **CO2RQIT3G8WN** by reporting it as stolen

21           on August 2, 2016, to induce the NYPD to seize Plaintiff's computer,

22           knowing that the computer had not been stolen, but delivered two

23           months earlier on or about June 7, 2016, to the defendant, Amazon, at

24           an Amazon Disbursement Center in Pennsylvania, as had been required

25           by their contract with FedEx. **The fraud did have its intended effect**

1  **and did cause the NYPD to seize the computer from plaintiff's wife,**

2  **inflicting emotional stress on plaintiff and his wife to the extent that**

3  **their marriage was irreparably damaged.** The delay and the reporting

4  the computer as stolen in Louisiana, two months after it had been known

5  by FedEx and CheckPoint to have been delivered by FedEx to

6  Pennsylvania, rather than in New York where defendant, CheckPoint had

7  continuously observed it to be for two months, is further evidence of the

8  malicious and fraudulent intent in the filing of the false report of the

9  computer as being stolen by the Plaintiff and in the possession of

10  plaintiff's wife.

11

12  As a Thirteenth Cause of Action

13    FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

14  Plaintiff alleges all the allegations of foregoing paragraphs and further alleges that

15

16  13    Defendants, APPLE, AMAZON, CHECKPOINT, all contractors with the

17         United States Government, misused a computer, used by or for an entity

18         of the United States Government in furtherance of the administration of

19         justice, national defense, or national security by delivering it to Plaintiff, a

20         private United States citizen living in New York City, leaving the

21         computer with Plaintiff for a number of months collecting the personal

22         information of Plaintiff and his wife, and then after these months of

23         observing Plaintiff and his wife, reporting the said computer as stolen by

24         Plaintiff, for which Plaintiff seeks to recover damages pursuant to part (g)

25         of Section 1030 of the Fraud and Related Activity in Connection with

1   Computers statute, knowing or having reasons to know that the
2   computer had not been stolen by Plaintiff. Plaintiff had to hire a private
3   investigator to locate the computer and hire lawyers to negotiate with the
4   police officer to stave off my imminent arrest at one o'clock every day for
5   28 days by detectives from the 47th Precinct in the manner of a
6   convicted criminal reporting for parole violation.
7
8   As a Fourteenth Cause of Action
9   VIOLATIONS OF CIVIL RIGHTS UNDER COLOR OF STATE LAW (42
10   U.S.C. § 1983, 1985[3], and 1986) AGAINST DEFENDANTS. NYPD,
11   CABALLERO, MING, KENNER, KENNER POLICE DEPARTMENT,
12   DONOVAN, APPLE, FEDEX, AMAZON, MEYER, AND MAHONY
13   Plaintiff alleges all the allegations of foregoing paragraphs and further alleges that
14   14   The Fifth Amendment, made applicable to the States by the Fourteenth
15   AmendmenTt, guarantees U.S. citizens will not be deprived of life,
16   liberty, or property, without due process of the law; nor shall private
17   property be taken for public use, without just compensation." Further, the
18   Fourth Amendment, made applicable to the States by the Fourteenth
19   Amendment, protects Americans from unreasonable searches and
20   seizures, arbitrary arrests and harassment by police. The defendants,
21   Meyer, Mahony, FedEx, and Checkpoint , acting in concert with the
22   defendants, New York City Police Department, and Detective Collabra,
23   searched, harassed the plaintiff and his wife for a period of several
24   months, after which, it seized plaintiff's computer, which had been
25   equipped with spyware for a period of several months, seized the

1   computer without compensating plaintiff or his wife, and made the

2   computer with his personal information others unknown to plaintiff in

3   violation of Federal law.

4

5   As a Fifteenth Cause of Action

6   VIOLATIONS OF THE LANHAM ACT/FALSE ADVERTISING (15 U.S.C.

7   § 1125(a)(1)(A)(B)) BY APPLE AND AMAZON

8   Plaintiff alleges all the allegations of foregoing paragraphs and further alleges that

9   15.   Apple and Amazon, upon information and belief, have an agreement,

10   which stipulates that Amazon may sell its products as "brand new." The

11   Apple laptop purchased by the Plaintiff from Amazon was advertised as

12   brand new and showed up at the Plaintiff's residence via UPS the next

13   day in shrink wrap and with the AppleCare warranty. **However it is**

14   **abundantly clear that the laptop was not brand new and contained**

15   **spyware that allowed a third-party company (Checkpoint) to gain**

16   **access to any/all data on the Plaintiff and his wife.** Neither Apple or

17   Amazon disclosed the fact that this laptop was obviously used and came

18   with spyware that the Plaintiff did not agree to purchasing. Brand new

19   means are from all defects and unused by any other party. Had the

20   Plaintiff purchased a used, "as is" computer with this spyware, he would

21   have no cause of action. However, the Plaintiff specifically purchased a

22   brand new computer reasonably expecting exactly that.

23

24   As a Sixteenth Cause of Action

25

1          FAILURE TO TRAIN AGAINST NYPD, NEW YORK, CABALLERO, AND

2                         MING

3  The Plaintiff hereby re-alleges and incorporates each and every foregoing allegation, as

4  though set forth at length herein.

5       16.        The U.S. Supreme recognizes failure to train claims "to afford a

6              federal right in federal courts because…claims of citizens to the

7              enjoyment of rights, privileges, and immunities guaranteed by the

8              Fourteenth Amendment might be denied by state agencies." *Monroe v.*

9              *Pape*, 365 U.S. 180, S. Ct. 473, (1961). New York and NYPD have a

10            long-established policy and custom of denying citizen's rights protected

11            by the Constitution. This Court ruled on the case of *Floyd, et al. v. City of*

12            *New York, et al.,* 959 F. Supp. 2d 540 (2013) and determined New York's

13            "stop and frisk" policy violated the Fourth and Fourteenth Amendments.

14            NYPD and New York wantonly violated all due process and civil rights of

15            the Plaintiff by repeatedly threatening him with prison and forcing him to

16            spend his own money on lawyers and private investigators as NYPD

17            acted as the private security force for FedEx and Checkpoint. Police

18            officers are not necessarily here to protect and serve the people (See

19            *DeShaney v. Winnebago Cty. DSS*, 489 U.S. 189 (1989)) but they are

20            certainly not here to act as private security and intimidators for

21            corporations. NYPD allowed all of this behavior to happen, with the

22            direct supervisor of this operation, Ming, doing nothing to stop it.   These

23            acts and omissions by the Defendants, and each of them, as herein

24            alleged, were willful, wanton, malicious, and oppressive and justify the

25            Plaintiff being awarded actual, compensatory, and punitive damages

1   against the Defendants in both their individual and official capacities

2   where applicable.

3   As a Seventeenth Cause of Action

4   ATTORNEY FEES for NYPD VIOLATION OF FEDERAL RIGHTS

5   The Plaintiff hereby re-alleges and incorporates each and every foregoing allegation, as

6   though set forth at length herein.

7

8   17.   The defendant, NYPD, acting under the color of law, seized and converted the

9   plaintiff's computer, without regard to whether he was lawfully in possession of

10  the computer, which he had purchased as a new computer from the defendant

11  Amazon and registered the serial number **CO2RQIT3G8WN** with Apple for

12  AppleCare protection, several months earlier and deprived the Plaintiff and his

13  wife of rights guaranteed by the constitution of the United States. The Fifth

14  Amendment, made applicable to the States by the Fourteenth Amendment,

15  guarantees U.S. citizens will not be deprived of life, liberty, or property, without

16  due process of the law; nor shall private property be taken for public use,

17  without just compensation." Further, the Fourth Amendment, made applicable to

18  the States by the Fourteenth Amendment, protects Americans from

19  unreasonable searches and seizures, arbitrary arrests and harassment by

20  police. In an action for damages as a result of the foregoing violation of NYPD

21  acting under color of law, Plaintiff is entitled to recover and demands attorney

22  fees.

23  As a Eighteenth Cause of Action

24  ATTORNEY FEES AND DAMAGES Rodrigo Caballero's VIOLATION OF

25  PLAINTIFF'S FEDERAL RIGHTS UNDER COLOR OF LAW

1  The Plaintiff hereby re-alleges and incorporates each and every foregoing allegation, as
2  though set forth at length herein.

3

4   18.   The defendant, Rodrigo Caballero, acting under the color of law, seized and
5         converted the plaintiff's computer, without regard to whether he was lawfully in
6         possession of the computer, which he had purchased as a new computer from
7         the defendant Amazon and registered serial number **CO2RQIT3G8WN** with
8         Apple for AppleCare protection, several months earlier and deprived the
9         Plaintiff and his wife of rights guaranteed by the constitution of the United
10        States. The Fifth Amendment, made applicable to the States by the Fourteenth
11        Amendment, guarantees U.S. citizens will not be deprived of life, liberty, or
12        property, without due process of the law; nor shall private property be taken for
13        public use, without just compensation." Further, the Fourth Amendment, made
14        applicable to the States by the Fourteenth Amendment, protects Americans
15        from unreasonable searches and seizures, arbitrary arrests and harassment by
16        police. In an action for damages as a result of the foregoing violation of NYPD
17        acting under color of law, Plaintiff is entitled to recover and demands attorney
18        fees.
19  As a Nineteenth Cause of Action
20              IDENTITY THEFT CAUSED BY WRONGFUL CONVERSION OF
21                    PLAINTIFF'THE DEFENDANT CHECKPOINT
22  The Plaintiff hereby re-alleges and incorporates each and every foregoing allegation, as
23  though set forth at length herein.

24

25

19.   As a direct result of the wrongful conversion of plaintiff's computer, together with all the information that plaintiff and his wife had entered into this computer, wrongfully converted by the by the defendant, CheckPoint, Plaintiff has suffered identity theft.  The Apple ID of plaintiff was used to sign in to a new web browser.

Date and Time : Sunday, December 9, 2018
IP Address : 95.31.18.119
Country : **Russia**

Plaintiff seeks damages for identity theft.

## **DAMAGES**

Plaintiff seeks to recover damages pursuant to part (g) of Section 1030 of the Fraud and related activity in connection with computers, knew or had reasons to know that Plaintiff had not stolen the computer. Plaintiff had to hire a private investigator to locate the computer and hire lawyers to negotiate with the police officer to stave off my imminent arrest at one o'clock every day for 28 days by detectives from the 47th Precinct in the manner of a convicted criminal reporting for parole violation.

As a result of the false advertising by Apple and Amazon, the Plaintiff was harassed, intimidated, and threatened by two police departments, was forced to expend thousands of dollars on attorneys, paralegals and private investigators; has lost his good standing in the church and within his community; and has been diagnosed with post-traumatic stress disorder. These acts and omissions by the Defendants, and each of them, as herein alleged, were willful, wanton, malicious, and oppressive and justify the Plaintiff being awarded actual, compensatory, and punitive damages against the Defendants in both their individual and official capacities where applicable

**PRAYER FOR RELIEF**

Plaintiff hereby re-alleges and incorporates each and every foregoing allegation, as though set forth at length herein. The Plaintiff respectfully requests this Court grant relief in the form of actual, compensatory, and punitive damages against all named Defendants in their individual and official capacities; and against any Defendant yet to be named. **The Plaintiff also respectfully requests declaratory relief, and asks this Court to rule that Apple is in fact pre-installing spyware on computers it advertises as brand new and sells them through Amazon.** The declaration should also make clear that Apple is falsely advertising new computers that are obviously tainted with spyware and other tools that enable third parties to spy on unwitting consumers.

Respectfully submitted this ___12th___ day of June, 2019.

_____

Tyrone Holmes (pro se Plaintiff)

ARCHIVE   Printed by: FICIMPORT   08/07/2016 01:31   Page 1 of 5

| KPD CRIME REPORT | Signal | Rep Area | Item # | Report Type | Date | Time |
|---|---|---|---|---|---|---|
| ADM SEC OR1LA0260300 | 67 | 9797 | H-80071-16 | INITIAL | 02-AUG-2016 | 1136 |

| Day of Wk. | Begin Date | Begin Time | End Date | End Time | Location of Offense |
|---|---|---|---|---|---|
| TUE | 07-JUN-2016 | 2103 | 02-AUG-2016 | 1136 | 300 MIDDLE ACCESS RD KENNER 70062 |

Reporting Officer
CHARLES DONOVAN

| | Responding Detective | | Supervisor | |
|---|---|---|---|---|
| PR: KD5180   JP: K716 | PR: | JP: | PR: | JP: |
| Arrived:   021136 | Notified: | | Notified: | |
| Completed: 060931 | Arrived: | | Arrived: | |

H-80071-1 UCR

## REPORTING PERSON

Name:  KENNETH A MEYER                    Race: WHITE          Sex: MALE

DOB: ▮▮▮▮▮      Age: 44                   Employed/School: FEDEX

Address: 300 MIDDLE ACCESS RD            Address:  300 MIDDLE ACCESS RD

City/St/Zip: KENNER, LA 70062            City/St/Zip:  KENNER, LA 70062

Phone: (504) 458-7955                    Phone:  (504) 472-3321

Identify Suspect? N        Voluntary Statement? N

## VICTIM

Victim Sequence Number: 1      Type: BUSINESS                 For Insurance Purposes?

Name:  CHECKPOINT PUMPS & SYSTEMS

Address:  21356 MARION LN

City/St/Zip:  MANDEVILLE, LA 70471

Phone: (504) 985-2463      Ext: 142                                          Ext:

## OFFENSE

Offense Sequence Number: 1      Victim: 1          Suspect:

R.S. Number: RS14:69                  Title:  POSSESSION STOLEN THINGS

Attempted/Completed:  COMPLETED      Location Type: OTHER / UNKNOWN          Number of Premises:

Criminal Activity 1:  OTHER                      Weapon/Force Type 1: NONE

## SUSPECT

Suspect Sequence Number: 1

Name:  STEPHANIE J SCOTT                Race: BLACK              Sex: FEMALE

DOB: ▮▮▮▮▮      Age From: 31      To:      Ethnicity: NON-HISPANIC      Resident?

Height From:          To:          Weight From:        To:        Eye Color: UNKNOWN

Hair Color:  BLACK                        Hair Length:

Address: ▮▮▮▮▮▮▮                   City/St/Zip: NEW YORK, LA NEW YORK

Alcohol Consumed?        Computer Used?        Drugs Used?      Gaming Motive?      Gang Related:

Armed:  Other                                  Hate/Bias: NONE

Can be Identified by Witness:

Identifiable Features:

Location:

Arrest Type:  NONE              Voluntary Statement?      Local Check?      State Check?      NCIC Check?

Suspect Injury Codes:   NONE

Redacted
Redacted

ARCHIVE     Printed by: FICIMPORT     08/07/2016 01:31     Page   2   of   5

**Suspect Sequence Number:**   2

Name:   TYRONE HOLMES                    Race: BLACK                    Sex: MALE

DOB: ~~████████~~         Age From: 48   To:   Ethnicity: NON-HISPANIC   Resident?

Height From:  505   To:         Weight From: 130   To:      Eye Color:  BROWN

Hair Color:  BLACK               Hair Length: EAR TO SHOULDER

Address: ~~████████████████~~        City/St/Zip: ATLANTA, GA 30316

Alcohol Consumed?        Computer Used?        Drugs Used?     Gaming Motive?     Gang Related:

Armed:  Other                             Hate/Bias: NONE

Can be Identified by Witness:

Identifiable Features:
Location:
Arrest Type:  NONE            Voluntary Statement?      Local Check?      State Check?      NCIC Check?

Suspect Injury Codes:   NONE

## ADDITIONAL WITNESS

**Witness Sequence Number:**   1

Name:  RUSTY MAHONY                    DOB/PR: ~~████~~

Address: 21356 MARION LN             Under the Influence?      Can Witness ID Suspect?

City/St/Zip: MANDEVILLE, LA 70471     Voluntary Statement?     Present During Incident?

Phone: (504) 249-0645

## PROPERTY

Property Owner or Property recvd from:        VICTIM 1    Desc. Code:  07   –  COMPUTER HDW/SOFTWARE

Loss Type: 7   – STOLEN        _           Quantity: 1     Value: $1,983      Insured:

Owner-applied Number:                         Make: APPLE MACBOOK PRO

Model:  MLJQ2LL               Serial Number:   C02RQ1T3G8WN

Description:  15 INCH LAPTOP, 2.2 GHZ INTEL CORE I7 PROCESSOR,       Date Recovered:

## VEHICLE
None

## CRIME SCENE
None

## INVESTIGATION

Type of Force Used:                         Security Device Installed?
Point of Entry:                             Security Device Activated?
Safe Job?        Gambling Devices on Premises?       Alcoholic Beverage Outlet?
Prior History of Domestic Violence?     Prior History Documented?     Number of Prior Cases:
Modus Operandi (MO):  COMPUTER WAS STOLEN, LAST SCANNED AT FEDEX, PERSONS OF INTEREST ARE
                      IN POSSESSION, IT REP PINGS COMPUTER LOCATION OUT OF STATE

## INSURANCE
None

## APPROVAL

|          | Sergeant Viewed       | Lieutenant Viewed | Dist. Cmdr. Viewed |
|----------|-----------------------|-------------------|--------------------|
| User ID: | KPD_S7925             |                   |                    |
| Date/Time: | 06-AUG-2016 10:35   |                   |                    |

User ID: KPD_S7925            Date/Time: 06-AUG-2016 10:35

## FINAL APPROVAL

| | | | |
|---|---|---|---|
| Crime Prevention Officer Required? | Issued Complaint Slip? | 911 Notified? | Warrant? |
| Parade Related? | Crime Scene Required? | Report Status: | COMPLETED |
| Exceptional Clearance: | | Date: | |
| District Follow Up? | | | |
| Bureau Follow Up? | | | |

H-8007-1-1

NARRATIVE

Time Stamp: 08/06/2016 09:31   Written By: CHARLES DONOVAN

ON AUGUST 2, 2016 AT APPROXIMATELY 1124 HOURS, OFFICER CHARLES DONOVAN OF THE KENNER POLICE DEPARTMENT WAS DISPATCHED TO THE FEDEX SHIPPING BUILDING LOCATED AT 300 MIDDLE ACCESS RD. KENNER LA, 70062 IN REFERENCE TO A THEFT.

UPON ARRIVAL AT APPROXIMATELY 1136 HOURS, OFFICER DONOVAN MET WITH THE REPORTING PERSON, MR. KENNETH MEYER. MR. MEYER IS EMPLOYED BY FEDEX AS A LOSS PREVENTION MANAGER. MR. MEYER EXPLAINED THAT HE WAS INVESTIGATING A THEFT OF A COMPUTER. MR. MEYER HAD BEEN IN CONTACT WITH INVOLVED PERSON MR. RUSTY MAHONY, THE IT MANAGER FOR CHECKPOINT PUMPS & SYSTEMS COMPANY LOCATED AT 21356 MARION LANE, MANDEVILLE, LA, 70471.

MR. MAHONY'S COMPANY PURCHASED A NEW COMPUTER AND HE DOWNLOADED ALL NECESSARY COMPANY DATA ON THE COMPUTER. MR. MAHONY THEN SHIPPED THE COMPUTER FROM MANDEVILLE ON JUNE 7, 2016 TO AN ADDRESS OUT OF THE COUNTRY, DUBAI CITY.

DURING THE COURSE OF SHIPPING THE COMPUTER FROM MANDEVILLE THE COMPUTER WAS SHIPPED TO 300 MIDDLE ACCESS ROAD, KENNER LOUISIANA PRIOR TO FURTHER SHIPMENT. THE COMPUTER WAS ALSO LAST SCANNED AT THE FEDEX LOCATION IN KENNER ON JUNE 7, 2016 AT 2103 HOURS.

SHORTLY AFTER THE COMPUTER WAS STOLEN, MR. MAHONY WAS ABLE TO ACCESS THE COMPUTER EACH TIME THE SUSPECT/USER LOGGED INTO AN INTERNET SERVICE. MR. MAHONY WAS ABLE TO DOWNLOAD MULTIPLE PHOTOGRAPHS, VIDEOS AND PERSONAL INFORMATION FROM THE USER.

BASED ON MR. MAHONY'S ABILITY TO ACCESS THE PERSONAL INFORMATION ON THE COMPUTER IT IS HIS BELIEF THE PERSON IN POSSESSION OF THE COMPUTER IS A BLACK FEMALE, STEPHANIE SCOTT. MR. MAHONY PROVIDED MR. MEYER WHO ULTIMATELY PROVIDED OFFICER DONOVAN WITH THE FOLLOWING COPIES OF SCOTT'S PERSONAL FORMS.

1. FEDERAL TAX FORM W-9
2. INDEPENDENT ASSOCIATE AGREEMENT TVC MARKETING ASSOCIATES, INC.
3. A UNITED STATES PASSPORT
4. CHASE BUSINESS DEBIT CARD
5. A PHOTOGRAPH OF WHAT IS BELIEVED TO BE SCOTT WEARING A WIG

IT SHOULD BE NOTED A PHOTOGRAPH OF A BLACK MALE'S GEORGIA'S DRIVER'S LICENSE WAS ALSO PROVIDED, TYRONE HOLMES.

ADDRESS PROVIDED FOR SCOTT WAS IN NEW YORK WHICH IS CONSISTENT WITH WHERE MR. MAHONY WAS ABLE TO DETERMINE THAT THE OPERATOR OF THE COMPUTER SIGNS INTO INTERNET SERVICE UNTIL RECENTLY, JULY 31, 2016 AT 1244 HOURS, WHEN THE COMPUTER WAS BEING USED IN ORLANDO FLORIDA.

OFFICER DONOVAN CONTACTED MR. MAHONY AND LEARNED THAT HE CAN PROVIDE MORE INFORMATION IF THE CASE IS INVESTIGATED FURTHER.

THE COMPUTER IS AS APPLE MACBOOK PRO MJLQ2LL/A-15-INCH LAPTOP. (2.2 GHZ INTEL CORE I7 PROCESSOR, 16GB, RAM, 256 GB HARD DRIVE, MAC OS X), SERIAL # (C02RQ1T3G8WN) WORTH $1,982.93.

IT SHOULD BE NOTED MR. MEYER WAS IN CONTACT WITH A OFFICER FROM NEW YORK POLICE DEPARTMENT WHO INFORMED MR. MEYER THAT IF HE HAD A ITEM NUMBER FROM A LAW ENFORCEMENT AGENCY FROM WHERE THE THEFT OCCURRED THE NEW YORK POLICE DEPARTMENT WOULD ASSIST IN THE INVESTIGATION.

OFFICER DONOVAN CONTACTED KPD NCIC OPERATOR 673 WHO LOGGED THE COMPUTER AS STOLEN IN THE NCIC DATABASE.

ALL DOCUMENTS PERTAINING TO THIS CASE WERE TURNED INTO KENNER POLICE RECORDS WITH THIS REPORT.

CASE SUSPENDED.

H-8007-1-1



**CHECKPOINT**
PUMPS & SYSTEMS
www.cppumps.com

**Mandeville, US**
21356 Marion Lane
Mandeville, LA 70471 USA
+1 (800) 847-PUMP (7867)

**Aberdeen, UK**
Unit C2/C3
Lombard Centre  Kirkhill Place
Dyce, Aberdeen AB21 0GU Scotland
+ 44 (0)1224 775205

**Dubai, UAE**
Jebel Ali Free Zone
PO Box 262131 Dubai, UAE
+971 (50) 240 4737

**Singapore**
tel: +65 6261 7687
fax: +65 6261 7686

September 12, 2016

Mr. Garfin
Counsel for Mr. Tyrone Holmes

Dear Mr. Garfin,

Please be advised that our Information Security department has
ascertained information proving that your client is in possession of our
equipment. This equipment has been tracked since leaving our facility.
We have legally collected ample information to prove that your client is in
possession of property belonging to CheckPoint Fluidic Systems
International. If this equipment is returned immediately, in its original
condition complete with all original parts and pieces, we will not move
further to pursue legal action. I have no knowledge or interest in
identifying your client or learning further about the details, which put
him in possession of our equipment.

As a further condition of this agreement, I would require this matter be
resolved through our mutual contact at the NYPD, Detective Rodrigo
Caballero. I see no reason for your client, Mr. Holmes, to have any
knowledge of our organization or its employees. To conclude our
arrangement, please certify that our organization and staff shall remain
anonymous to your client.

Regards,

Bobbi Jo Bridges
VP Operations