USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 03/24/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE HOLMES,

                   Plaintiff,

            v.

CITY OF NEW YORK, NEW YORK
POLICE DPEARTMENT, DETECTIVE
RODRIGO CABALLERO, *in his individual
and official capacity*, SERGEANT MARLON
MING, *in his individual and official capacity,*
CITY OF KENNER (LOUISIANA),
OFFICER CHARLES DONOVAN, *in his
individual and official capacity*, APPLE INC.,
AMAZON.COM, LLC, CHECKPOINT
FLUIDIC SYSTEMS INTERNATIONAL
LTD., RUSTY MAHONEY, *in his individual
and official capacity,* FEDEX
CORPORATION, *and*, KENNETH MEYER,
*in his individual and official capacity*,

                   Defendants.

---

19-cv-1628 (RA)

<u>MEMORANDUM
OPINION & ORDER</u>

RONNIE ABRAMS, United States District Judge:

      Proceeding *pro se*, Plaintiff Tyrone Holmes filed a pair of actions based on the same set of

allegations related to an Apple laptop sale gone awry: first, *Holmes v. Apple, et al.*, 17-cv-4557

("*Holmes I*"); and, second, while his appeal in *Holmes I* was pending before the Second Circuit,

*Holmes v. City of New York, et al.*, 19-cv-1628 ("*Holmes II*").  Two years after a final judgment

was entered in *Holmes I*, Plaintiff moved to vacate that judgment under Federal Rule of Civil

Procedure 60, based in large part upon the then-district judge in the actions, Judge Ramos,

disclosing that he owned a limited amount of Apple stock.  This Court denied the motion to vacate

the judgment in *Holmes I*.  *See Holmes v. Apple Inc.*, 2022 WL 2316373, at *3 (S.D.N.Y. June 27,

2022).  Plaintiff now moves to vacate the judgment in *Holmes II*, making substantially the same arguments he raised to vacate the judgment in *Holmes I*.  For the reasons that follow, his motion is once again denied.

## BACKGROUND

Although the issue before the Court for the present motion is straightforward, the procedural history of the action is not.  Plaintiff first filed his complaint in *Holmes I* on June 16, 2017, bringing breach of contract and tort causes of action arising from the alleged sale, purchase, loss, and resale of an Apple laptop computer against Defendants CheckPoint Fluidic Systems International, Ltd., Amazon.com, LLC, and Apple Inc.  On July 23, 2018, Judge Ramos issued an opinion and order granting CheckPoint's motion to dismiss for lack of jurisdiction; granting Apple's motion for entry of judgment on the pleadings; and granting Amazon's motion for summary judgment on all claims except one, on which judgment was entered against Amazon in the amount of $2,351.00.  *Holmes I*, 2018 WL 3542856, at *6, *7–10, *10–14 (S.D.N.Y. July 23, 2018).  Judge Ramos denied Plaintiff's motion to amend.  *Id*. at *14–15.  Plaintiff then appealed, and the Second Circuit affirmed Judge Ramos's ruling in full on *de novo* review.  *Holmes v. Apple Inc.*, 797 F. App'x 557, 563 (2d Cir. 2019).  Its mandate issued on January 6, 2020.

While Plaintiff's appeal of Judge Ramos's judgment in *Holmes I* was pending before the Second Circuit, he filed a second civil action based on the same allegations on February 21, 2019. *Holmes II*, No. 19-cv-1628, Dkt. 1.  The complaint targeted the same Defendants as in *Holmes I*, but also brought causes of action against nine additional individuals and government entities.  *See Holmes II*, 2020 WL 918611, at *2–5 (S.D.N.Y. Feb. 26, 2020).  This second-filed action was reassigned to Judge Ramos, and Plaintiff filed an interlocutory appeal of the reassignment of *Holmes II*, which the Second Circuit denied on January 22, 2019 for lack of jurisdiction.  *Holmes*

*II*, No. 19-cv-1628, Dkt. 37, 111.  Defendants in *Holmes II* then moved to dismiss, and on February 26, 2020, Judge Ramos granted the motions and dismiss all claims in *Holmes II* with prejudice.  *See* 2020 WL 918611, at *21 (S.D.N.Y. Feb. 26, 2020).  As to Apple and Amazon, Judge Ramos concluded that each of Plaintiff's claims were barred by the doctrine of *res judicata* because Plaintiff had a full and fair opportunity to litigate the claims in *Holmes I*.  *See id*. at *6–8 .  Judge Ramos further dismissed Plaintiff's claims against CheckPoint for lack of personal jurisdiction, and dismissed Plaintiff's causes of action against the remaining defendants for failure to state a claim.  *See id*. at *9–13, *14–18.  Finally, Judge Ramos denied Plaintiff's motion for summary judgment and denied motions for sanctions and litigation restrictions brought by Apple, Amazon, and CheckPoint.  *See id*. at *18–21.  Plaintiff did not appeal the judgment in *Holmes II*.

Two years following the Second Circuit's mandate in *Holmes I*, Judge Ramos disclosed that it was brought to his attention that, "well after the case was filed but while he still presided over the case, he owned stock in Apple Inc."  *Holmes I*, 2022 WL 2316373, at *1 (quoting Jan. 21, 2022 Clerk of Court Letter).  According to Judge Ramos's 2019 financial disclosure report, his stock in Apple was an inherited investment with a total value of $15,000 or less, and he had gained $1,000 or less in income from that stock during the year 2019.  *See id*.  Judge Ramos asserted that his ownership of Apple stock "neither affected nor impacted his decisions" in the case, while also recognizing that his stock ownership may have required recusal under the Code of Conduct for United States Judges.  *Id*.

Plaintiff then moved to vacate the judgment against him in *Holmes I* under Rule 60.  In the main, he asserted that Judge Ramos's financial stake in Apple rendered him biased or, at the very least, created the appearance of impartiality and thus required his disqualification.  *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in

any proceeding in which his impartiality might reasonably be questioned.").  Plaintiff further sought vacatur on the ground that Amazon's counsel committed fraud on the court by representing to the Second Circuit panel during oral argument that there were two computers at issue in the action.  This Court denied Plaintiff's Rule 60 motion in an opinion and order issued June 27, 2022.  *Holmes I*, 2022 WL 2316373, at *3 (S.D.N.Y. June 27, 2022).

Prior to this Court's opinion and order denying the Rule 60 motion in *Holmes I*, Plaintiff also filed a motion to vacate the judgment in *Holmes II* raising substantially the same arguments—that Judge Ramos's ownership interest in Apple and FedEx stock during the proceedings requires vacatur of the opinion and order dismissing *Holmes II* with prejudice.[1]  Defendants timely opposed.

## LEGAL STANDARD

"Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."  *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).  Rule 60(b) provides that a court may relieve a party from a final judgment for the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(b)(6) has been referred to as a "catch-all provision" that is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may

---

[1] Although Plaintiff styles his motion, as in *Holmes I*, as a "motion for recusal," because he is proceeding *pro se*, the Court interprets his filings to "raise the strongest arguments that they suggest."  *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).  Accordingly, the Court treats his motion  as one to vacate the judgment in *Holmes II* under Rule 60(b) and (d).

work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (cleaned up). "The burden of proof on a Rule 60(b) motion is on the party seeking relief from the earlier judgment or order," *In re Gildan Activewear, Inc. Sec. Litig.*, 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009), and has been described by the Second Circuit as "an onerous standard to meet," *United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). Rule 60(d)(3) provides, notwithstanding the limitations of Rule 60(b), that a court also has the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). To state a claim for relief under Rule 60(d)(3), a litigant must allege a "fraud on the court" that "seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). Put differently, the rule "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995). A litigant must further demonstrate that relief under Rule 60(d) is necessary "to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

Where a plaintiff is proceeding *pro se*, as here, the Court interprets his filings to "raise the strongest arguments that they suggest." *Graham*, 89 F.3d at 79.

## DISCUSSION

Even reviewing Plaintiff's claims with the special solicitude due to *pro se* pleadings, as it determined upon his nearly-identical motion to vacate the judgment in *Holmes I*, *see* 2022 WL 2316373, at *2–3, the Court concludes that Plaintiff's present motion fails to demonstrate that he is entitled to relief under either Rule 60(b) or (d) from the judgment in *Holmes II*.

First, the Second Circuit's affirmance of *Holmes I* on *de novo* review, coupled with *Holmes I*'s *res judicata* effect on the causes of action brought against Apple and Amazon in *Holmes II*, precludes granting a Rule 60 motion to vacate the judgment in *Holmes II* as against those Defendants.  As this Court reasoned upon Plaintiff's Rule 60 motion in *Holmes I*, the Second Circuit's affirmance of the judgment in that action rendered any error that could have resulted from Judge Ramos's failure to recuse himself harmless.  *See Faulkner v. National Geographic Enters., Inc.*, 409 F.3d 26, 42 n.10 (2d Cir. 2005) ("Given [that court's] disposition of the Faulkner appellants' claims, [the district court's] denial of the recusal motion was at most harmless error as to them."); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994) (describing Rule 60's baseline "requirement of the judgment's not having been affirmed on appeal").  The fact that "Plaintiff's claims received a full review by an impartial panel . . . ameliorates any concerns about Judge Ramos's financial stake in Apple impacting his July 23, 2018 opinion, or about public confidence in an unbiased judiciary."  2022 WL 2316373, at *2.

In *Holmes II*, the doctrine of *res judicata* precluded Plaintiff's claims against Apple and Amazon, as "the two cases involve[d] the exact same set of facts" and causes of action against those defendants.  *See Holmes II*, 2020 WL 918611, at *6.  Under that doctrine, claims may be precluded where a defendant shows "(1) the previous action involved an adjudication on the merits; (2) the previous action involved [the same adverse parties] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (cleaned up).  In the same manner that Plaintiff's claims against Apple and Amazon in *Holmes II* could have been raised in *Holmes I*, his arguments for vacatur of the judgment for those Defendants could have been—and, indeed, were—raised when he challenged the judgment in

*Holmes I.  See* 2022 WL 2316373, at *1–2 (describing Plaintiff's arguments), *2–3 (rejecting them on the merits).

Second, in any event, Plaintiff's argument that Judge Ramos should have disqualified himself in *Holmes II* does not justify vacating the judgment in that action.  Even assuming that Judge Ramos should have recused himself under 28 U.S.C. § 455, vacating a judgment requires a significantly higher showing than does disqualification.  As the Second Circuit reasoned in *Brock v. Zuckerberg*, "there need not be a draconian remedy for every violation of § 455(a), and there is surely room for harmless error committed by busy judges who inadvertently overlook a disqualifying circumstance." 2022 WL 1231044 (2d Cir. Apr. 27, 2022); *see also id.* (concluding "vacatur [wa]s unwarranted in [the] case," wherein any failure by the district court to disqualify was harmless, "and therefore deny[ing] the motion to vacate").  Thus, when deciding whether to vacate a judgment based on an alleged violation of Section 455 for failure to disqualify, courts look to (1) "the risk of injustice to the parties in the particular case," (2) "the risk that the denial of relief will produce injustice in other cases," and (3) "the risk of undermining the public's confidence in the judicial process."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988).

No such risks exist in this case.  The Second Circuit's *de novo* affirmance of *Holmes I* demonstrates that the same claims Plaintiff raises in *Holmes II*—based on "the exact same set of facts," *Holmes II*, 2022 WL 918611, at *7—are baseless on the merits.  Furthermore, there is little risk of undermining the public's confidence in the judicial process if vacatur is not granted, as, even assuming Judge Ramos should have recused himself in the first instance given his inherited ownership of limited Apple stock, any such error was harmless—as demonstrated by the Second Circuit's affirmance of *Holmes I* on substantially the same issues presented by *Holmes II*.  *See*

*Liljeberg*, 486 U.S. at 864 (recognizing that vacatur is unjustified where a violation of section 455(a) was harmless error); *Falkner*, 409 F.3d 26, 42 n.10 (holding the harmless error standard applies to violations of section 455(b)).[2]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate is denied.  The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 119, and to close this action.

SO ORDERED.

Dated:      March 24, 2023
            New York, New York

                                        Hon. Ronnie Abrams
                                        United States District Judge

---

[2]      The Court declines to impose a litigation bar against Plaintiff, as requested by Defendant Amazon.  On such a motion, "the question the court must answer is whether a litigant who has a history of vexation litigation is likely to continue to abuse the judicial process and harass other parties."  *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).  Given that Plaintiff has now brought Rule 60 motions to vacate the judgments of both *Holmes I* and *Holmes II*, the Court concludes that he is unlikely to file any purportedly "vexation litigation" against Defendants in the future, and that the *Safir* factors weight against imposing a litigation bar.